**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

***

| | |
|---|---|
| KAVIN BURKHALTER,<br><br>                    Plaintiff,<br><br>vs.<br><br>GRANT & WEBER, INC.,<br><br>                    Defendant. | 2:14-cv-00026-GMN-VCF<br>**REPORT AND RECOMMENDATION** |

Before the court is Plaintiff's Motion for a Default Judgment and Attorney's Fees and Costs against Defendant, Grant & Weber, Inc. (#9). On March 31, 2015, Chief Judge Gloria M. Navarro referred this motion the undersigned Magistrate Judge for a report and recommendation.

**I. Background**

On January 16, 2014, Plaintiff filed a Complaint for Damages Pursuant to the Fair Debt Collection Practice Act, 15 U.S.C. § 1692. (#1). On April 15, 2014, Plaintiff filed an executed Summons as to Grant & Weber, Inc., which showed that process of service was executed on February 6, 2014. (#5). On May 1, 2014, Plaintiff filed his motion for entry of clerks default on Grant & Weber, Inc. for failure to appear or otherwise respond to the complaint within the time prescribed by the Federal Rules of Civil Procedure. (#6). Clerk's Entry of Default was entered on May 2, 2014. (#7). On February 16, 2015, Plaintiff filed his Motion for Default Judgment. (#9). A hearing was held on April 30, 2015. The court finds that Plaintiff has met the service requirement for the instant motion as ordered (#10) on April 1, 2015. (#13). To date, no opposition to this request has been filed. It is recommended that the motion should be granted for the reasons discussed below.

**II. Default Judgment**

*A. Legal Standard*

Pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Rule 55(b)(2) further provides that a court may enter a default judgment against a defendant who has failed to appear. Fed. R. Civ. P. 55(b)(2). Whether to enter a default judgment is a question within the discretion of the trial court. *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). In determining whether to grant a default judgment, the trial court should consider the seven factors articulated by the Ninth Circuit in *Eitel v. McCool*:

(1) the possibility of prejudice to plaintiff,

(2) the merits of the claim(s),

(3) the sufficiency of the complaint,

(4) the amount of money at stake,

(5) the possibility of a dispute concerning materials,

(6) whether default was due to excusable neglect, and

(7) the policy favoring a decision on the merits.

782 F.2d 1470, 1471-72 (9th Cir. 1986). In applying these *Eitel* factors, the factual allegations of the complaint are taken as true, except those relating to the amount of damages. *See Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977).

*B. Discussion*

<u>1. Possibility of Prejudice to the Plaintiff</u>

The first *Eitel* factor considers whether the plaintiff will suffer prejudice if default judgment is not entered. *See PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal.2002). In this case, on

May 2, 2014, the Clerk entered default against Defendant for its failure to file a responsive pleading or answer the Complaint and defend the lawsuit. (#6).  As a result, Plaintiffs will suffer prejudice if default judgment is not entered as Plaintiffs will have no other means to litigate its claims. *See PepsiCo*, 238 F. Supp. 2d at 1177 ("If Plaintiffs' motion for default judgment is not granted, Plaintiffs will likely be without other recourse for recovery"). Thus, the first *Eitel* factor weighs in favor of an entry of default judgment.

### 2. Sufficiency of the Complaint and Merits of the Claims.

The second and third *Eitel* factors favor a default judgment when the "plaintiff state[s] a claim on which the plaintiff may recover." *PepsiCo*, 238 F. Supp. 2d at 1175; see *Danning v. Lavine*, 572 F.2d 1386, 1389 (9th Cir. 1978) (affirming a default judgment when the complaint sufficiently stated a claim for relief under the "liberal pleading standards embodied in Rule 8"); *see also* Fed. R. Civ. P. 8. Plaintiff's Complaint is well pleaded in that it adequately states a claim against Defendant for violations of the Fair Debt Collection Practice Act, 15 U.S.C. § 1692.  (#1).  Plaintiff has adequately pled his claims against Defendant, the second and third *Eitel* factors weigh in favor of an entry of default judgment.

### 3. Amount of Money at Stake.

The fourth *Eitel* factor concerns the amount of money at stake in relation to the seriousness of Defendant's conduct. *See PepsiCo.*, Inc., 238 F. Supp. 2d at 1176. Plaintiff seeks statutory damages under the Fair Debt Collection Practice Act. (#9). The Fair Debt Collection Practice Act provides that any debt collector who violates any provision of the Fair Debt Collection Practice Act is liable for court-awarded damages of up to $1,000.00 in addition to any actual damages sustained. 15 U.S.C. § 1692k(a).  Plaintiff states that he is not making a claim for actual damages under the statute. (#9).

Plaintiff also requests an award of attorney's fees and costs (#9) in the amount of $1725.00 in attorney's and $500.00 in costs.  (Plaintiff's counsel, Danny J. Horen, Esq., has billed a total of 6.9 hours

at a rate of $250.00 which totals $1725.00.  Costs include the federal filing fee, process of service charges, and photocopy charges.)

Thus, the fourth *Eitel* factor weighs in favor of an entry of default judgment.

### 4. Possibility of a Dispute Concerning Material Facts.

The fifth *Eitel* factor weighs the possibility of a dispute regarding any material facts in the case. *PepsiCo., Inc.*, 238 F. Supp. 2d at 1177. "Upon entry of default, all well-pleaded facts in the complaint are taken as true, except those relating to damages." *Id.* (citing *TeleVideo Sys., Inc.*, 826 F.2d 915, 917-18 (9th Cir. 1987) (per curiam)). Given the sufficiency of Plaintiff's Complaint in alleging the facts necessary to establish his claims for relief, and Defendant's subsequent failure to answer, no dispute has been raised regarding material elements in the Complaint. It is unlikely that any such dispute will arise. "[N]o genuine dispute of material facts would preclude granting [Plaintiffs'] motion." *PepsiCo, Inc.*, 238 F.Supp.2d at 1177; *see also Geddes*, 559 F.2d at 560. Thus, the fifth *Eitel* factor weighs in favor of an entry of default judgment.

### 5. Excusable Neglect.

The sixth *Eitel* factor considers whether defendant's default is due to excusable neglect. *PepsiCo., Inc.*, 238 F. Supp. 2d at 1177. In the instant case, Plaintiff properly served Defendant with the Summons and the Complaint, (#5), but Defendant failed to respond. The Court finds that there is no evidence before it that Defendant's failure to respond is due to excusable neglect. *United States v. High Country Broad. Co.*, 3 F.3d 1244, 1245 (9th Cir. 1993) (per curiam) (holding that it was "perfectly appropriate" for the district court to enter default judgment against a corporation that failed to appear in the action through licensed counsel). Thus, the sixth *Eitel* factor weighs against an entry of default judgment.

### 6. Policy Favoring Decisions on the Merits.

The seventh *Eitel* factor takes into account the policy under the Federal Rules of Civil Procedure favoring a decision on the merits. "Cases should be decided on their merits whenever reasonably possible."

*Eitel*, 782 F.2d at 1472. The mere existence of Rule 55(b) of the Federal Rules of Civil Procedure, however, indicates that this preference, standing alone, is not dispositive. See *Eitel*, 782 F.2d at 1472; *PepsiCo, Inc.*, 238 F.Supp.2d at 1177; *Nev. Prop. 1 LLC v. Newcosmopolitanlasvegas.com*, No. 2:12-cv-00866-JCM-NJK, 2013 WL 167755, at *2 (D. Nev. Jan. 15, 2013).

Defendant's failure to respond to Plaintiffs' Complaint "makes a decision on the merits impractical, if not impossible." *PepsiCo, Inc.*, 238 F. Supp. 2d at 1177. Thus, while the final *Eitel* factor always weighs against an entry of default judgment, the Court is not precluded from entering a default judgment.

*C. Conclusion*

Having reviewed Plaintiff's motion and evidence submitted and having assessed the *Eitel* factors as a whole, the undersigned recommends that the entry of default judgment against Defendant is appropriate. The factual allegations of the complaint will be taken as true.

**III. Attorney's Fees and Costs**

A. Legal Standard

Federal Rule of Civil Procedure 54(d)(2)(B)(ii) permits an award of attorneys' fees and costs, provided that the movant "specify . . . the statute, rule or other grounds entitling the movant to the award." FED. R. CIV. P. 54(d)(2)(B)(ii). In turn, Local Rule 54-16(b)(1) requires that motions for attorneys' fee and costs include: (1) reasonable itemization and description of the legal work performed; (2) an itemization of all costs sought to be changed as part of the fee award; and, (3) a brief summary of the work performed and skill required.

Here, Plaintiff has satisfied this burden.  Based on the facts established by the Declaration of Danny J. Horen (#9-1), the court finds that the requested attorney's fees and costs of $2,225.00 is reasonable, given: the work performed, subject matter of the litigation, the moderate difficulty of the case, the skill required and the customary fee charged for the work performed.

Accordingly,

IT IS HEREBY RECOMMENDED that Plaintiff's Motion for a Default Judgment and Attorney's Fees and Costs against Defendant, Grant & Weber, Inc. (#9) be granted; plaintiff be awarded attorney's fees and costs of $2,225.00 against Defendant Grant & Weber, Inc., $1,000.00 in statutory damages and default judgment be entered against Defendant Grant & Weber, Inc.  No additional costs should be taxed or added to this judgment.

DATED this 5th day of May, 2015.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE